UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mike Rivera,<br><br>              Plaintiff,<br><br>     -against-<br><br>The City of New York; Police Officer Juan Fernandez, shield number 29089; Lieutenant Steven Griffith; Sergeant Desmond Blaize,<br>              Defendants | 07 CIV 7771 (HB)<br><br>ECF CASE<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

**PRELIMINARY STATEMENT**

1.    This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 for the Defendants' commissions of acts under color of law in violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 12 of the New York State Constitution and of common law of the State of New York.

2.    Plaintiff alleges that on the evening June 27, 2006, he was riding a bicycle when Police Officer Juan Fernandez, who was driving an unmarked New York City Police Department vehicle in which Sergeant Desmond Blaize and Lieutenant Steven Griffith were passengers, drove that vehicle into the Plaintiff throwing him off of his bicycle and to the ground where he was further assaulted by the officers, arrested and falsely charged.

## JURISDICTION

3. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4). The Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

5. Venue is proper pursuant to 28 U.S.C. § 1391 (b) in that, *inter alia*, the events giving rise to the claim occurred in the Southern District of New York.

## JURY DEMAND

6. The Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

7. The Plaintiff, MIKE RIVERA, is a citizen of the United States and a resident of New York City. Mr. Rivera, 19 years old at the time giving rise to this incident, lives in the Bronxdale Houses in the Bronx with his mother, his sister and his two brothers.

8. Defendant CITY OF NEW YORK (the "City") is a municipal corporation within the State of New York.

9. Defendant NEW YORK CITY POLICE DEPARTMENT (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, the NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, defendant NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

10. Defendant NYPD OFFICER JUAN FERNANDEZ, shield number 29089, was at all relevant times herein a police officer employed by the NYPD acting in the capacity of agent, servant, and employee of the City. Defendant Mendez is sued individually and in his official capacity.

11. Upon information and belief, at all times relevant herein, Defendant Fernandez was assigned to the 41st Precinct.

12. Upon information and belief, Defendant Fernandez is still a member of the NYPD. At all times relevant herein, he was acting within the scope of his employment and under color of law.

13. Defendant NYPD LIEUTENANT STEVEN GRIFFITH was at all relevant times herein a police officer employed by the NYPD acting in the capacity of agent, servant,

and employee of the City. Defendant Griffith is sued individually and in his official capacity.

14. Upon information and belief, at all times relevant herein, Defendant Griffith was assigned to the 41st Precinct.

15. Upon information and belief, Defendant Griffith is still a member of the NYPD. At all times relevant herein, he was acting within the scope of his employment and under color of law.

16. Defendant NYPD SERGEANT DESMOND BLAIZE was at all relevant times herein a police officer employed by the NYPD acting in the capacity of agent, servant, and employee of the City. Defendant Blaize is sued individually and in his official capacity.

17. Upon information and belief, at all times relevant herein, Defendant Blaize was assigned to the 41st Precinct.

18. Upon information and belief, Defendant Blaize is still a member of the NYPD. At all times relevant herein, he was acting within the scope of his employment and under color of law.

19. At all times relevant herein, each individual defendant was acting under color of state law in the course and scope of his duties and functions as an agent, servant, employee and officer of the City and otherwise performed and engaged in conduct incidental to the performance of his lawful functions in the course of his duties. The individual defendants were acting for and on behalf of the City at all times relevant herein with the power and authority vested in them as officers, agents and employee of the City and incidental to the

lawful pursuit of their duties as officers, employees and agents of the City.

## STATEMENT OF FACTS

20.    In the early evening hours of June 27, 2006, Mr. Rivera and some friends were riding their bicycles in the Hunts Point area of the Bronx. Just prior to the incidents giving rise to this claim, Mr. Rivera was riding southeast on Hunts Point Avenue where he made a left turn onto Lafayette Avenue.

21.    A black car with tinted window pulled up along side of him, on his left-hand side.

22.    The front-seat passenger, whose window was only partially rolled down asked Mr. Rivera where he was from.

23.    Mr. Rivera later learned that the passenger of the car was Defendant Griffith.

24.    Defendant Griffith was not wearing a police uniform, did not display a badge and did not identify himself at that time as a police officer.

25.    Mr. Rivera stated that he was from "Bronxdale," meaning the Bronxdale Houses, whereupon Defendant Griffith asked Mr. Rivera if he had identification and Mr. Rivera said he did.

26.    Defendant Griffith then yelled at Mr. Rivera to stop the bike, but gave no reason for his demand.

27.    Mr. Rivera, who had done nothing wrong and who did not know that the occupants of the vehicle were police officers, continued to ride his bicycle down Lafayette

Avenue.

28.     The driver of the vehicle, who Mr. Rivera later learned was Defendant Fernandez, chased Mr. Rivera down Lafayette Avenue to the corner of Edgewater Road at a speed of up to 35 miles per hour.

29.     Defendant Fernandez was not wearing a police uniform, did not display a badge and did not identify himself at that time as a police officer.

30.     At the southwest corner of Lafayette Avenue and Edgewater Road, the car came to a stop and defendant Griffith jumped out and attempted to yank Mr. Rivera off of his bike.

31.     Defendant Griffith still did not identify himself as a police officer and Mr. Rivera, scared for his safety continued to ride his bicycle, making a left onto Edgewater Road.

32.     At this point Defendant Griffith got back into the car, in which Defendant Fernandez also made a left turn onto Edgewater Road.

33.     Defendant Fernandez chased Mr. Rivera down Edgewater Road and Mr. Rivera, afraid that he was going to be hit by the car, rode his bicycle onto the sidewalk.

34.     Defendant Fernandez then drove the car up onto the sidewalk a first time, in what appeared to Mr. Rivera to be an effort by the driver of the car to hit him on his bicycle.

35.     Mr. Rivera managed to escape being hit, but moments later the car jumped back onto the sidewalk ran into Mr. Rivera.

36. Mr. Rivera was thrown off of his bicycle and over the hood of the unmarked car.

37. As he sat injured and bleeding on the sidewalk, his bicycle and one sneaker each several feet away from where landed, the Defendant officers ran out of the car with their guns drawn.

38. Notwithstanding his evident injuries, one or more of the defendant officers violently handcuffed Mr. Rivera, pulled his hair, rammed his face into a wall and shoved what felt like a knee into Mr. Rivera's back.

39. Mr. Rivera was eventually brought by ambulance, hands cuffed behind his back the entire time, to Lincoln Hospital where he was treated for his injuries.

40. The next day Mr. Rivera was transported to the 41st Precinct and from there to Central Booking in the Bronx, where he would spent the next night.

41. Finally on June 29, 2006, after more than 36 hours in custody, Mr. Rivera was arraigned in Part APAR 1 of the Bronx County Criminal Court on charges of Reckless Endangerment in the Second Degree (P.L. § 120.20) and Disorderly Conduct (P.L. § 240.20(7)) and released on his own recognizance.

42. The Bronx County District Attorney's office eventually dismissed those charges and filed a superceding information charging Mr. Rivera with Disorderly Conduct under a different subdivision (P.L. § 240.20(5)) and a Vehicle and Traffic Law infraction (V.T.L. § 1234(a)). On May 31 and June 1, 2007, Plaintiff was tried before a Justice of the

Supreme Court of the State of New York and was acquitted on both counts.

43. During the course of this trial the Defendant officers intentionally and maliciously testified falsely against plaintiff.

44. At all times during the events described above, the Defendant officers were engaged in a joint venture. The individual Defendant officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the described events.

45. At no time during the events described above, was Mr. Rivera intoxicated, incapacitated, or threat to the safety of himself or others, reckless or disorderly. Moreover, he not committed any criminal offenses.

46. The defendant officers had neither a warrant nor probable cause for their arrest of Mr. Rivera, nor any legal cause or excuse to seize his person.

47. Upon information and belief, subsequent to their arrest of Mr. Rivera, defendants Fernandez, Griffith and Blaize fabricated a false account of the events leading up to and underlying that arrest in order to cover up and/or justify their own unlawful and unconstitutional action.

## NOTICE OF CLAIM

48. Plaintiff filed a Notice of Claim with the Office of the Comptroller of the City of New York on September 22, 2006. A examination was held on March 6, 2007 pursuant to General Municipal Law § 50-h.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 Act Against Individual NYPD Defendants

49. All other paragraphs herein are incorporated by reference as though fully set forth.

50. In stopping, seizing, arresting, assaulting, detaining, charging, and prosecuting Plaintiff, Defendant Police Officers Fernandez, Griffith and Blaize, engaged under color of law in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from unreasonable searches and seizures, excessive force, false arrest and imprisonment and malicious prosecution.

### SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the City of New York

51. All other paragraphs herein are incorporated by reference as though fully set forth.

52. Municipal liability for the violations of Plaintiff's Fourth Amendment rights rests upon the grounds set forth below.

53. At all times material to this complaint, the defendant City, acting through defendant NYPD and the individual defendants, had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

54. At all times material to this complaint, the defendant City, acting through

defendant NYPD, and the individual defendants, had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

**THIRD CAUSE OF ACTION**
**Pendant State Law Claim for**
**False Arrest and Imprisonment**

55.  All other paragraphs herein are incorporated by reference as though fully set forth.

56.  By the actions described above, defendants Fernandez, Griffith and Blaize, jointly and severally, violated the Plaintiff's rights under New York law to be free from false arrest and imprisonment, as a direct and proximate result of which the Plaintiff suffered the loss of physical liberty.

57.  Municipal liability for these torts rest upon principles of *respondeat superior*.

**FOURTH CAUSE OF ACTION**
**Pendant State Law Claim for**
**Assault and Battery**

58.  All other paragraphs herein are incorporated by reference as though fully set forth.

59.  By the actions described above, defendants Fernandez, Griffith and Blaize jointly and severally violated Plaintiff's rights under New York law to be free from assault,

battery and battery committed in performance of public duty or authority, as a direct and proximate result of which the Plaintiff suffered and continues to suffer from physical pain and injury requiring the expenditure of money for treatment.

60. Municipal liability for these torts rest upon principles of *respondeat superior*.

### FIFTH CAUSE OF ACTION
### Pendant State Law Claim for
### Malicious Prosecution

61. All other paragraphs herein are incorporated by reference as though fully set forth.

62. By the actions described above, defendants Fernandez, Griffith and Blaize jointly and severally violated Plaintiff's rights under New York law to be free malicious prosecution, as a direct and proximate result of which the Plaintiff suffered continued emotional and financial damage in his attempt to clear himself from the false and maliciously imposed criminal charges.

63. Municipal liability for these torts rest upon principles of *respondeat superior*.

### SIXTH CAUSE OF ACTION
### Pendant State Law Claim for
### Violation of Rights under New York State Constitutional

64. All other paragraphs herein are incorporated by reference as though fully set forth.

65. In arresting, detaining and using excessive, unreasonable and unjustified force against Plaintiff without sufficient cause, the defendants Fernandez, Griffith and Blaize

jointly and severally violated the Plaintiffs rights under Article I Section 12 of the New York Constitution.

### SEVENTH CAUSE OF ACTION
**Pendant State Law Claim for Negligence**

66. All other paragraphs herein are incorporated by reference as though fully set forth.

67. At all times relevant herein, the Defendant Fernandez, in his capacity as a police officer, had a duty to employ reasonable measures in his treatment of the Plaintiff, and additional duty to care for the Plaintiff after Defendant Griffith directed the Plaintiff to stop and Defendant Fernandez gave chase.

68. Defendant Fernandez also had the same duty to drive with reasonable care as every other operator of a motor vehicle.

69. Notwithstanding said duties, Defendant Fernandez, as well as Defendants Blaize and Griffith who were engaged in a joint venture with him, breached that duty of care by chasing the Plaintiff in the police vehicle that Defendant Fernandez was driving at a high rate of speed and in a reckless manner (including twice driving the car onto the sidewalk) and by using excessive force to stop and seize the Plaintiff.

70. As a direct and proximate result of the negligence of the Defendant officers, the Plaintiff suffered and continues to suffer from physical pain and injury requiring the expenditure of money for treatment.

71. Municipal liability for these torts rest upon principles of *respondeat superior*.

WHEREFORE, the Plaintiff requests that this Court:

    1.    Assume jurisdiction over this matter;

    2.    Award compensatory and punitive damages to Plaintiff against the defendants, jointly and severally;

    3.    Award Plaintiff reasonable costs, disbursements and attorneys' fees; and

    4.    Grant any other relief the court deems appropriate.

Dated:  New York, New York
       August 28, 2007

                                  Respectfully submitted,

                                  /s/
                                  Darius Wadia, L.L.C.
                                  By:  Darius Wadia, Bar number DW8679
                                  Attorney for Plaintiff
                                  233 Broadway, Suite 2208
                                  New York, New York  10279
                                  dwadia@wadialaw.com
                                  (212) 233-1212

TO:   New York City
       Law Department
       100 Church Street, 4th floor
       New York, New York  10007

       Police Officer Juan Fernandez, shield number 29089
       New York City Police Department
       41st Precinct
       1035 Longwood Avenue
       Bronx, New York 10459

Lieutenant Steven Griffith
New York City Police Department
41st Precinct
1035 Longwood Avenue
Bronx, New York 10459

Sergeant Desmond Blaize
New York City Police Department
41st Precinct
1035 Longwood Avenue
Bronx, New York 10459