UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MIKE RIVERA,

                                Plaintiff,

        -against-

THE CITY OF NEW YORK, POLICE OFFICER JUAN
FERNANDEZ, SHIELD # 29089, LIEUTENANT
STEVEN GRIFFITH; SERGEANT DESMOND BLAIZE,

                                Defendants.
------------------------------------------------------------------X

**ANSWER**

07 CV 7771 (HB)

**Jury Trial Demanded**

        Defendants THE CITY OF NEW YORK (the "City), POLICE OFFICER JUAN FERNANDEZ, SHIELD # 29089, LIEUTENANT STEVEN GRIFFITH and SERGEANT DESMOND BLAIZE (collectively "defendants"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph 1 of the complaint, except admit that plaintiff purport to bring this action as stated therein.

        2.     Deny the allegations set forth in paragraph 2 of the complaint.

        3.     Deny the allegations set forth in paragraph 3 of the complaint, except admit that plaintiff purport to bring this action as stated therein.

        4.     Deny the allegations set forth in paragraph 4 of the complaint, except admit that plaintiff purports to base jurisdiction as stated therein.

        5.     Deny the allegations set forth in paragraph 5 of the complaint, except admit that plaintiff purports to base venue as stated therein.

6. The allegations set forth in paragraph 6 of the complaint comprise a demand for a jury trial and therefore no response is required.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the complaint.

8. Admit the allegations set forth in paragraph 8 of the complaint.

9. Deny the allegations set forth in paragraph 9 of the complaint, except admit that the City maintains the New York City Police Department ("NYPD") pursuant applicable statutes, ordinances and regulations.

10. Deny the allegations set forth in paragraph 10 of the complaint, except admit that defendant Police Officer Juan Fernandez is employed by the City as a police officer for the NYPD and that plaintiff purports to sue him individually and in this official capacity.

11. Deny the allegations set forth in paragraph 11 of the complaint, except admits that defendant Fernandez is assigned to the 41 Precinct.

12. Deny the allegations set forth in paragraph 12 of the complaint, except admit that defendant Fernandez is still employed by the City as a police officer for the NYPD.

13. Deny the allegations set forth in paragraph 13 of the complaint, except admit that defendant Lieutenant Steven Griffith is employed by the City as a police officer for the NYPD and that plaintiff purports to sue him individually and in this official capacity.

14. Deny the allegations set forth in paragraph 11 of the complaint, except admits that defendant Griffith is assigned to the 41 Precinct.

15. Deny the allegations set forth in paragraph 15 of the complaint, except admit that defendant Griffith is still employed by the City as a police officer for the NYPD.

16. Deny the allegations set forth in paragraph 16 of the complaint, except admit that defendant Sergeant Desmond Blaize is employed by the City as a police officer for the NYPD and that plaintiff purports to sue him individually and in this official capacity.

17. Deny the allegations set forth in paragraph 11 of the complaint, except admits that defendant Blaize is assigned to the 41 Precinct.

18. Deny the allegations set forth in paragraph 18 of the complaint, except admit that defendant Blaize is employed by the City as a police officer for the NYPD.

19. The allegations set forth in paragraph 19 of the complaint consists of conclusions of law rather than averments of fact and therefore no response is required.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the complaint.

21. Deny the allegations set forth in paragraph 21 of the complaint.

22. Deny the allegations set forth in paragraph 22 of the complaint.

23. Deny the allegations set forth in paragraph 23 of the complaint.

24. Deny the allegations set forth in paragraph 24 of the complaint.

25. Deny the allegations set forth in paragraph 25 of the complaint.

26. Deny the allegations set forth in paragraph 26 of the complaint.

27. Deny the allegations set forth in paragraph 27 of the complaint.

28. Deny the allegations set forth in paragraph 28 of the complaint.

29. Deny the allegations set forth in paragraph 29 of the complaint.

30. Deny the allegations set forth in paragraph 30 of the complaint.

31. Deny the allegations set forth in paragraph 31 of the complaint.

32. Deny the allegations set forth in paragraph 32 of the complaint.

33. Deny the allegations set forth in paragraph 33 of the complaint.

34. Deny the allegations set forth in paragraph 34 of the complaint.

35. Deny the allegations set forth in paragraph 35 of the complaint.

36. Deny the allegations set forth in paragraph 36 of the complaint.

37. Deny the allegations set forth in paragraph 37 of the complaint.

38. Deny the allegations set forth in paragraph 38 of the complaint.

39. Deny the allegations set forth in paragraph 39 of the complaint, except admit that plaintiff was arrested, handcuffed and transported to Lincoln Hospital.

40. Deny the allegations set forth in paragraph 40 of the complaint, except admit plaintiff was transported to the 41st Precinct.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the complaint.

43. Deny the allegations set forth in paragraph 43 of the complaint.

44. Deny the allegations set forth in paragraph 44 of the complaint.

45. Deny the allegations set forth in paragraph 45 of the complaint.

46. Deny the allegations set forth in paragraph 46 of the complaint.

47. Deny the allegations set forth in paragraph 47 of the complaint.

48. Deny the allegations set forth in paragraph 48 of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller of the City of New York, and that an examination pursuant to § 50-h of the Municipal law was held on March 6, 2007.

49. In response to the allegations set forth in paragraph 49 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 48 inclusive of their answer, as if fully set forth herein.

50. Deny the allegations set forth in paragraph 50 of the complaint.

51. In response to the allegations set forth in paragraph 51 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 50 inclusive of their answer, as if fully set forth herein.

52. Deny the allegations set forth in paragraph 52 of the complaint.

53. Deny the allegations set forth in paragraph 53 of the complaint.

54. Deny the allegations set forth in paragraph 54 of the complaint.

55. In response to the allegations set forth in paragraph 55 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 54 inclusive of their answer, as if fully set forth herein.

56. Deny the allegations set forth in paragraph 56 of the complaint.

57. Deny the allegations set forth in paragraph 57 of the complaint.

58. In response to the allegations set forth in paragraph 58 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 57 inclusive of their answer, as if fully set forth herein.

59. Deny the allegations set forth in paragraph 59 of the complaint.

60. Deny the allegations set forth in paragraph 60 of the complaint.

61. In response to the allegations set forth in paragraph 61 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 60 inclusive of their answer, as if fully set forth herein.

62. Deny the allegations set forth in paragraph 62 of the complaint.

63. Deny the allegations set forth in paragraph 63 of the complaint.

64. In response to the allegations set forth in paragraph 64 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 63 inclusive of their answer, as if fully set forth herein.

65. Deny the allegations set forth in paragraph 65 of the complaint.

66. In response to the allegations set forth in paragraph 66 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 65 inclusive of their answer, as if fully set forth herein.

67. Deny the allegations set forth in paragraph 67 of the complaint.

68. The allegations set forth in paragraph 68 of the complaint constitutes conclusions of law rather than averments of fact and therefore no response is required.

69. Deny the allegations set forth in paragraph 69 of the complaint.

70. Deny the allegations set forth in paragraph 70 of the complaint.

71. Deny the allegations set forth in paragraph 71 of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

72. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

73. The City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

74. To the extent the complaint alleges any claims against the City arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

75. Punitive damages are not available against the City of New York.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

76. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, or from that of others, and was not the proximate result of any act of the defendants.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

77. Plaintiff provoked any use of force by resisting arrest and/or failing to obey lawfully issued orders.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

78. Any force used to arrest and/or detain plaintiff was reasonable under the circumstances.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

79. There was probable cause for plaintiff's arrest, prosecution and detention.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

80. The individual defendants are entitled to qualified immunity.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

81. This action is barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

82. Plaintiff has failed to comply with General Municipal § 50 *et seq.*

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

83. This action is barred in whole or in part by the applicable limitations period.

**WHEREFORE**, defendants CITY OF NEW YORK, POLICE OFFICER JUAN FERNANDEZ, SHIELD # 29089, LIEUTENANT STEVEN GRIFFITH and SERGEANT DESMOND BLAIZE request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
        November 19, 2007

    MICHAEL A. CARDOZO
    Corporation Counsel of the
    City of New York
    Attorney for Defendants CITY OF NEW YORK, POLICE OFFICER JUAN FERNANDEZ, SHIELD # 29089, LIEUTENANT STEVEN GRIFFITH and SERGEANT DESMOND BLAIZE
    100 Church Street, Room 3-159
    New York, New York 10007
    (212) 788-8698

By: _____
    Steve Stavridis

(By ECF)

TO: Darius Wadia, Esq.
    Attorney for Plaintiff
    233 Broadway, Suite 2208
    New York, New York 10279
    dwadia@wadialaw.com
    (212) 233-1212